<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4253**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

TERRY THOMPKINS TRUESDALE,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. James A. Beaty, Jr., Chief District Judge. (1:08-cr-00190-JAB-1)

Submitted:  November 17, 2009     Decided:  November 20, 2009

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Paul Alexander Weinman, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Thompkins Truesdale appeals from his convictions for possession with intent to distribute crack cocaine and possession of a firearm by a convicted felon and his resulting 188-month sentence, entered pursuant to his guilty plea. On appeal, counsel has filed an Anders[1] brief, concluding that there are no meritorious issues for appeal but questioning the reasonableness of Truesdale's sentence. Although informed of his right to do so, Truesdale has not filed a pro se supplemental brief. After a thorough review of the record, we affirm.

Truesdale asserts that his sentence was longer than necessary to achieve the goals of sentencing, especially given the disparity between the crack and powder cocaine Guidelines and their effect on his advisory Guidelines range.[2] While Kimbrough v. United States, 552 U.S. 85, 109-10 (2007), held that a district court may conclude that the Guidelines' crack cocaine/powder cocaine disparity yields a sentence greater than necessary, Kimbrough did not hold that a district court must

_____

[1] Anders v. California, 386 U.S. 738 (1967).

[2] In his plea agreement, Truesdale waived his right to appeal in certain limited circumstances. Because the Government has not asserted the waiver as a bar to this appeal, we do not consider it. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

2

conclude that any sentence within the Guidelines involving crack cocaine yields a sentence greater than necessary.

Here, the district court clearly was not sentencing based solely upon the advisory Guidelines range. The court understood its discretion and relied upon the nature and circumstances of the offense, Truesdale's prior record, his prior involvement with controlled substances, and his status as a career offender to conclude that a sentence within the Guidelines range was appropriate. Thus, we hold that the court did not abuse its discretion and imposed a reasonable sentence. See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (standard of review); United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008) (applying presumption of reasonableness to sentence within properly calculated Guidelines range).

In accordance with Anders, we have reviewed the entire record in this case for meritorious issues and have found none. Thus, we affirm Truesdale's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral

3

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED